C. G. WOOD v. G. M. RAYNOR ET AL.

(Filed 14 October, 1925.)

The defendant, N. L. Alcocke, appealed from an order of *Daniels, J.,* overruling a demurrer to the complaint. From FRANKLIN. Affirmed.

*B. T. Holden and W. H. Yarborough for appellee.*
*Joseph B. Ramsey and John Kerr, Jr., for appellant.*

PER CURIAM. The appellant demurred on the ground (1) that two causes of action have been improperly united in the complaint; (2) that the two alleged causes of action are not separately stated; (3) that the complaint does not state facts sufficient to constitute either cause of action; (4) that there is a defect of parties defendant; (5) that there is an action pending between Annie E. Fuller and C. G. Wood over the land in controversy.

In the light of numerous decisions of the Court we think his Honor was correct in overruling the demurrer. The judgment is therefore
Affirmed.

―――

M. A. GARDNER AND J. J. MITCHELL v. L. M. WARING.

(Filed 14 October, 1925.)

APPEAL from *Daniels, J.,* at April Term, 1925, of WAKE. Affirmed.
This was a motion made by defendant, L. M. Waring, to set aside the judgment rendered against him 12 May, 1924. So much of the judgment rendered against him for the money demand is not resisted, but the following judgment by default as to fraud is asked to be set aside, viz.: "It further appearing that the plaintiffs have alleged in their complaint that the defendant obtained from them certain property, to wit, shipments of cattle and hogs by false and fraudulent representations, and the indebtedness claimed by the plaintiffs was incurred in that way. It is therefore adjudged that the plaintiffs are entitled to, and they should have, judgment by default and inquiry as to said allegations as to false and fraudulent representations, and it is so adjudged, and that said inquiry shall be held at the next succeeding term of this court."

*Jones & Jones and J. W. Bailey for plaintiffs.*
*Douglass & Douglass and Jones, Jones & Horton for defendant.*

PER CURIAM. We have heard the arguments, read the record and briefs with care, and can find no prejudicial or reversible error. There was sufficient competent evidence to support the material findings of fact by the learned judge in the court below who heard this motion. Upon the findings of fact, which we are bound by, we think the judgment of the court below correct. There is no new or novel principle of law involved in the controversy. The judgment of the court below is
Affirmed.

## STATE v. C. N. RICHARDSON.

### (Filed 14 October, 1925.)

APPEAL by defendant from *Daniels, J.,* at May Term, 1925, of WAKE.
Criminal prosecution tried upon an indictment charging the defendant with violating the provisions of C. S., 4358, against prostitution, aiding and abetting therein, and operating a place or building for such purposes.
From an adverse verdict and judgment of 20 months on the roads, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*F. T. Bennett for defendant.*

PER CURIAM. The evidence is conflicting on the issue of guilt; it is purely a question of fact; the jury has determined the matter against the defendant; there is no reversible error appearing on the record; the exceptions relating to the alleged insufficiency of the evidence, and the one to the charge, must be resolved in favor of the validity of the trial; the verdict and judgment will be upheld.
No error.

## MARY A. BUMP v. CITY OF WILMINGTON.

### (Filed 21 October, 1925.)

From *Dunn, J.,* at March Term, 1925, of NEW HANOVER.
Action by plaintiff to recover damages of the defendant on account of personal injuries on account of negligence of the defendant in its